IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HOEFT and
JOSEPH HOEFT,

                Plaintiffs,                              ORDER

      v.                                                11-cv-390-wmc

MATT SCHERREL and
DAVE SCHULTZ,

                Defendants.

---

      Co-plaintiffs Richard and Joseph Hoeft filed this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations by Matt Scherrel of the United States Forest Service and Dave Schultz of the Wisconsin Department of Natural Resources. On November 6, 2012, this court granted plaintiffs leave to proceed *in forma pauperis* on their claim that these defendants violated the Fourth Amendment by unreasonably searching plaintiffs' vehicles, but denied leave to proceed with a claim that defendants also used excessive force against Richard Hoeft in violation of the Fourth Amendment. The remainder of the case was closed on December 12, 2012, while Richard Hoeft pursued an appeal from the court's denial.

      After the appeal was dismissed for lack of jurisdiction, the court reopened this case and directed each plaintiff to advise the court whether they wished to proceed with the remaining Fourth Amendment claim. (Dkt. #27.) The order also provided "[b]oth

1

plaintiffs must sign this advisory." (*Id.*) The court received a signed response from plaintiff Richard Hoeft (dkt. #29), but no response from Joseph Hoeft. Accordingly, the court will dismiss Joseph Hoeft as a plaintiff.

In a prior order, the court also explained that defendant Matt Scherrel remains unserved in this case. (Dkt. #30.) The unexecuted summons returned by the United States Marshals Service indicates that Scherrel "is no longer with the U.S. Forest Service" and that he was possibly employed by the Alaska Fish & Wildlife Department. (Dkt. # 11.) When contacted by the Deputy U.S. Marshal, however, the human resources office for the State of Alaska had "no record" of Scherrel. Nonetheless, the court provided plaintiffs an opportunity to show cause as to why the claims against Scherrel should not be dismissed without prejudice for lack of service. Richard Hoeft responded to the order, indicating that Scherrel resides in Juneau, Alaska. (Dkt. #31.)

If authorized by the court, a United States Marshal or Deputy Marshal is required to make "reasonable efforts" to obtain a current address and complete service on a defendant identified by an indigent litigant. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995); *see also Geder v. Godinez*, 221 F.3d 1338, 2000 WL 874804, *3 (7th Cir. 2000) (unpublished) (commenting that the Marshals Service has a duty to make "reasonable efforts" to obtain a defendant's address before the claims may be dismissed for lack of service). Reasonable efforts, however, do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public

2

records. As the marshal explained on the unexecuted return form, a reasonable effort was made to serve defendant Scherrel. Specifically, the marshals explored Richard Hoeft's belief that Scherrel is now residing in Alaska. The United States Marshals Service fulfilled its obligation under *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). The court will, therefore, dismiss Scherrel without prejudice. As such, plaintiff remains free to file a new lawsuit against defendant Scherrel at a later time unless barred by any applicable statute of limitations.

## ORDER

IT IS ORDERED that:

1) Plaintiff Joseph Hoeft's claims are dismissed without prejudice; and

2) Defendant Matt Scherrel is dismissed without prejudice.

Entered this 9th day of August, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

3