IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HOEFT,

                Plaintiff,                            ORDER

v.

                                                  11-cv-390-wmc

MATT SCHERREL and
DAVE SCHULTZ,

                Defendants.

---

After plaintiff Richard Hoeft failed to appear (telephonically) at a pretrial conference, the court issued an order directing him to state whether he intended to pursue this lawsuit. When Hoeft failed to reply, the only remaining defendant (Dave Schultz) filed a motion to dismiss with prejudice, noting that Hoeft abandoned a similar lawsuit last year, *see Hoeft v. Schultz*, Case No. 11-cv-387 (W.D. Wis. Aug. 15, 2012), and that his litigation history demonstrates repeated disregard for court orders. On September 19, 2013, the court dismissed the case without prejudice and gave Hoeft until September 26 to show cause why the case should not be dismissed with prejudice in light of defendant's request. Again Hoeft failed to respond. On October 1, 2013, the court dismissed this case with prejudice pursuant to Fed. R. Civ. P. 41(b) for Hoeft's repeated failure to prosecute.

On October 31, 2013, Hoeft submitted a notice of appeal. Because Hoeft has not paid the $455 docketing fee for filing an appeal, he presumably requests leave to proceed *in forma pauperis*. That request will be denied for reasons set forth briefly below.

In determining whether a litigant is eligible to proceed *in forma pauperis* on appeal, the court must find that he is indigent and, in addition, that the appeal is taken in good faith for purposes of Fed. R. App. P. 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not

be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith."). Hoeft has not provided financial information demonstrating that he is currently eligible for indigent status. Assuming that he is indigent, the court will not grant leave to proceed in this instance because there is no legally meritorious basis for an appeal in this case.

Court records reflect that Hoeft has filed 28 civil actions in federal district court since 2005. Most of those cases were dismissed at the outset for failure to state a viable claim or resulted in a judgment for defendants on summary judgment, but several cases were dismissed for Hoeft's failure to prosecute. In light of Hoeft's repeated failure to comply with court orders in this case and his record of abusing court resources by filing dubious claims, the court concludes that the appeal is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3). Accordingly, the court will deny Hoeft leave to proceed *in forma pauperis* on appeal in this case.

ORDER

IT IS ORDERED that:

1. The court CERTIFIES that plaintiff Richard Hoeft's appeal is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3) and DENIES him leave to proceed *in forma pauperis* in this case.

2. Although this court has certified that plaintiff's appeal is not taken in good faith under Fed. R. App. P. 24(a)(3), Hoeft is advised that he may challenge this finding pursuant to Fed. R. App. P. 24(a)(5), by filing a separate motion

to proceed in forma pauperis on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, within thirty (30) days of the date of this order. With that motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

Entered this 12th day of November, 2013.

BY THE COURT:

WILLIAM M. CONLEY
District Judge